IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DAHNYAH WILLIAMS,<br>KAITLYN A. WILLIAMS, a minor and<br>MELANIE L. WILLIAMS, a minor<br><br><br>　　　　　　　Defendants. | Case No.<br>RECEIVED COPY JULY 29 , 2008<br>　08CV4304<br>　JUDGE COAR<br>　MAGISTRATE JUDGE SCHENKIER<br>　NF |

### PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
### COMPLAINT IN INTERPLEADER

The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, Eileen M. Letts, Allen P. Walker and Kwabena A. Appenteng of the law firm of GREENE AND LETTS, for its Interpleader Complaint, alleges as follows:

### PARTIES

1.　Interpleader Plaintiff Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly licensed to do business in the State of Illinois, including administering claims under employee welfare benefit plans as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1302.

2.　Upon information and belief, Dana L. Williams (the "Decedent") was a resident of 1390 Burnham Ave, Calumet City, Illinois 60409.

3. Upon information and belief, Defendant Dahnyah Williams ("Dahnyah Williams") was the spouse of the Decedent. Dahnyah Williams resided at 1390 Burnham Ave, Calumet City, Illinois 60409 at the time of Decedent's death. He is currently incarcerated.

4. Upon information and belief, Defendants Kaitlyn Williams ("Kaitlyn Williams") and Melanie Williams ("Melanie Williams") are the surviving minor children of the Decedent. Upon information and belief, Kaitlyn Williams and Melanie Williams reside with Janet Howard-Kukulka ("Howard Kukulka") at 9616 South Leavitt, Chicago, Illinois 60643.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is based upon 29 U.S.C §§ 1132(e)(1) and 1132(f) which give the District Court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C § 1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C § 1391(a)(2) and pursuant to 29 U.S.C § 1132(e)(2) in that a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

## CAUSE OF ACTION IN INTERPLEADER

7. At all times relevant, Prudential provided group life insurance benefits through Group Policy number G-04605 to qualified employees of Creative and Response Service (the "Group Contract"). Attached hereto as Exhibit A, is a true and correct copy of the Group Contract.

8. At all times relevant, Decedent was an employee of Creative and Response Service and eligible for benefits under the Group Contract by virtue of that employment.

9. On or about January 19, 2006, Decedent was killed in the State of Illinois. Her death was ruled a homicide. Attached hereto as Exhibit B, is a true and correct copy of the Certificate of Death for Decedent.

10. Dahnyah Williams was designated the primary beneficiary of the Group Contract benefits on January 8, 2002. Kaitlyn Williams and Melanie Williams were designated the contingent beneficiaries of the Group Contract benefits at the same time. Attached hereto as Exhibit C, is a true and correct copy of the Beneficiary Designation Form and a letter clarifying the beneficiaries.

11. Upon information and belief, the Decedent's death was determined to be a homicide. Dahnyah Williams has been charged in the death of Decedent, and has been incarcerated for approximately two years. He is currently awaiting trial.

12. 755 ILCS 5/2-6 provides that "A person who intentionally and unjustifiably causes the death of another shall not receive any property, benefit, or other interest by reason of the death…[t]he property, benefit or other interest shall pass as if the person causing the death died before the decedent…." 755 ILCS 5/2-6 (2007).

13. Accordingly, if it is found that Dahnyah Williams intentionally killed the Decedent, he would not be entitled to any of the Decedent's life insurance benefits.

14. Plaintiff cannot determine factually or legally whether Dahnyah Williams intentionally killed the Decedent.

15. Pursuant to the Group Contract: "[i]f a Beneficiary dies before [the insured], that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary Form states otherwise." *See* Exhibit A, Creative & Response Research Services, Inc. Employee Term Life Coverage, Accidental Death and Dismemberment Coverage, Pg. 21.

16. Prudential claims no title to or interest in the life insurance benefits payable under the Group Contract on account of the death of the Decedent and is ready and willing to pay the proceeds to the person or persons entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to Defendants and the status of Dahnyah Williams as a suspect in the murder of the Decedent.

17. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to the life insurance proceeds on the part of Defendants.

18. Prudential is a mere stakeholder in this action, having and claiming no interest in the life insurance proceeds of the Group Contract payable upon the death of the Decedent. Prudential is ready, willing, and hereby offers to deposit the Group Contract benefit of $68,000 together with accrued interest, if any, into the Court's escrow account, or with a person duly authorized by the Court to receive it.

**WHEREFORE,** Prudential by and through its attorneys, Eileen M. Letts, Allen P. Walker and Kwabena A. Appenteng of GREENE AND LETTS prays that the Court enter judgment:

(a) directing Prudential to pay the sum of $68,000, together with accrued interest, if any, into this Court's escrow account or with a person duly authorized by the Court to receive it;

(b) directing Defendants to interplead their rights to such sum;

(c) restraining Defendants, and each of them, from instituting any action against Prudential to recover such sum;

(d) discharging Prudential from all liability to Defendants arising out of the matters set forth upon the payment of the sum of $68,000, with accrued interest, if any, into this Court;

(e) appointing a guardian ad litem for Defendants Kaitlyn Williams, a minor, and Melanie Williams, a minor; and

(f) awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by bringing this action, and such other relief that this Court deems just and proper.

Respectfully Submitted,

Prudential Insurance Company of America

/s/ Allen P. Walker
Allen P. Walker

Eileen M. Letts
Allen P. Walker
Kwabena A. Appenteng
GREENE AND LETTS
Attorneys for Plaintiff
111 W. Washington Street
Suite 1650
Chicago, Illinois 60602
312-346-1100

X:\PRUDENTIAL INSURANCE CO. OF AMERICA\WILLIAMS DAHNYAH 0149-00001\Pleadings\07 01 08-Interpleader Complaint (4).doc

Case 1:08-cv-04304   Document 9   Filed 07/30/2008   Page 5 of 5